# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**PAUL C. JONES**                                                              **CIVIL ACTION**

**VERSUS**                                                                    **NO. 24-178-JWD-RLB**

**EASTERN LOUISIANA MENTAL
HEALTH SYS., ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U..C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 25, 2025.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**PAUL C. JONES**                                              **CIVIL ACTION**

**VERSUS**                                                           **NO. 24-178-JWD-RLB**

**EASTERN LOUISIANA MENTAL**
**HEALTH SYS., ET AL.**


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion to Dismiss (R. Doc. 40) filed on behalf of the Louisiana

Department of Health, Eastern Louisiana Mental Health Systems, Tunsha Harris, Richard

Bethley, Pamela Scott, Laura Lott, John Roberts III, and Rebekah Gee. The motion is not

opposed. Though styled as a motion to dismiss for failure to state a claim brought pursuant to

Federal Rule of Civil Procedure 12(b)(6), the motion includes arguments regarding lack of

subject-matter jurisdiction and insufficiency of service of process. As such, the motion is also

brought pursuant to Federal Rules of Civil Procedure 12(b)(1) and (5).

The plaintiff has filed a Motion to Transfer Cases (R. Doc. 44), wherein he seeks to have

this case transferred to New York where the plaintiff now resides. That motion is opposed. (R.

Doc. 45).

**Pertinent Procedural History**

The *pro se* Plaintiff, a former pretrial detainee at the East Baton Rouge Parish Prison and

the Eastern Louisiana Mental Health System, filed this proceeding pursuant to 42 U.S.C. § 1983

complaining that his constitutional rights have been violated due to failure to protect him from

harm and deliberate indifference to his serious medical needs. *See* R. Doc. 1. On January 17,

2025, the Louisiana Department of Health (named as the Eastern Louisiana Mental Health

Systems), Tunsha Harris, Richard Bethley, Pamela Scott, Laura Lott, and Rebekah Gee field a Motion to Dismiss for Failure to Serve (R. Doc. 33). On January 31, 2025, the plaintiff filed several Proof of Service forms into the record. *See* R. Doc. 36. The Court denied the Motion to Dismiss (R. Doc. 33) without prejudice to refiling if merited. *See* R. Doc. 38.

On or about February 26, 2025, the plaintiff filed an Amended Complaint which removed certain defendants and added others. The plaintiff did not change his original factual allegations. *See* R. Docs. 41 and 42. The next day, on February 27, 2025, the instant Motion (R. Doc. 40) was filed.

### Insufficiency of Service of Process

Moving defendants assert that they have not been properly served. Pursuant to Federal Rule of Civil Procedure 4(j)(2), a state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by (1) delivering a copy of the summons and of the complaint to its chief executive officer; or (2) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant. Defendant Eastern Louisiana Mental Health Systems ("ELMHS") is part of defendant Louisiana Department of Health. State law requires that the Secretary of Department of Health, the Office of Risk Management, and the Attorney General be served. *See* Louisiana Revised Statute 39:1538(4).

Pursuant to Federal Rule of Civil Procedure 4(e), service of summons upon an individual may be made in one of four ways: (1) following state law; (2) delivering a copy to the individual personally; (3) leaving a copy at the individual's dwelling or usual place of abode; or (4) delivering a copy to an agent authorized by appointment or by law. A review of the Proof of Service forms filed by the plaintiff reveals that the plaintiff attempted to serve Chad Hinton,

CEO of the Eastern Louisiana Mental Health System. The form indicates that Hinton was personally served but also reads, "See Notes: Proof of Service John Roberts, III." *See* R. Doc. 36, p. 4. On the Proof of Service form pertaining to John Roberts, III, it reads, "Multiple attempts made to serve parties. Papers were received by Ashton Lewis and Martha Brown who tossed papers on the ground. Forbidden from leaving facility for long period of time until personally served respective parties."

As such, it appears that Chad Hinton, CEO was not personally served, nor is there anything in the record indicating that Ashton Lewis or Martha Brown are authorized agents for Hinton. Nor has the plaintiff alternatively served the Secretary of Department of Health, the Office of Risk Management, and the Attorney General. As such the plaintiff has not served defendants Louisiana Department of Health or ELMHS in either manner set forth in Federal Rule of Civil Procedure 4(j)(2).

Likewise, defendants Tunsha Harris, Richard Bethley, Pamela Scott, Laura Lott, John Roberts, III, and Rebekah Gee were not properly served. *See* R. Doc. 36, p. 3, 5, 7, 8 and 9. The summons for these defendants were not personally served, nor were they left at their homes or places of abode. Domiciliary service cannot be made at one's place of work. *See Muhammad v. State of Louisiana*, No. 99-3742 & No. 99-2694, 2000 WL 1511181, n. 10 (E.D. La. Oct. 6, 2000); *Smith v. Western Offshore, Inc.*, 590 F. Supp. 670, 674 (E.D. La. 1984) ("Service upon an individual through a nonauthorized agent for service of process at the individual's place of business is not a proper means of serving process under the Federal Rules of Civil Procedure".). Nor in there anything in the record indicating that the summons were left with authorized agents for these defendants. As such, these defendants have not been properly served.

**Dismissal**

If a party is not validly served with process, proceedings against that party are void. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.,* 635 F.2d 434, 435 (5th Cir.1981). When service of process is challenged, the party on whose behalf service was made bears the burden of establishing its validity. *Id.* "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Labor,* 788 F.2d 1115, 1116 (5th Cir.1986).

Under Rule 4(m), a district court has two choices when a plaintiff fails to serve a defendant within a 90–day period: it may either "dismiss the action without prejudice ... or direct that service be effected within a specified time." If, however, the plaintiff shows good cause for the failure, the court must extend the time of service for an appropriate period. *Id.* Thus, if good cause exists, then the Court must extend the time period for service of process. If good cause does not exist, the Court must then decide whether to dismiss the plaintiff's claims without prejudice or extend the time for service. *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir. 1996).

Here, the plaintiff has not opposed the Motion (R. Doc. 40). As such, good cause has not been shown, and dismissal without prejudice is merited. However, defendants have requested dismissal with prejudice on the alternative grounds that the plaintiff fails to state a claim against these defendants.

**Motion to Dismiss**

*Lack of Subject Matter Jurisdiction*

Defendants Louisiana Department of Health and ELMHS seek dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Section 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or

arms of the state, specifically because these types of defendants are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). As such, the plaintiff's claims, for monetary damages, against these defendants should be dismissed.

*Failure to State a Claim*

Defendants next assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that Plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551

U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

### Plaintiff's Allegations

In his Complaint, as amended, the plaintiff alleges the following with regards to the moving defendants: In February of 2022, the plaintiff suffered a retinal detachment in his right eye and began treatment with Dr. Stephen Braud. Dr. Braud performed a vitrectomy which consists of placing silicon oil in the eye to repair the retinal detachment. The plaintiff was also using eye drops. The plaintiff's vision began to improve and was expected to improve even more once the silicon oil was removed. The plaintiff was scheduled for surgery to remove the silicon oil on November 4, 2022.

Prior to the surgery, the plaintiff was arrested and booked into the East Baton Rouge Parish Prison. Plaintiff was then sent to ELMHS on January 23, 2023. On the same date, the plaintiff was assaulted by Chris Braggs. The plaintiff notified Pamela Scott and an unknown nurse of the incident. Another nurse told the plaintiff to just avoid Braggs. On March 1, 2023, Braggs was returned to the tier and again assaulted the plaintiff.

After the second assault, the plaintiff was transported to the hospital. He suffered a fractured jaw which required surgery and placement of a permanent plate in his jawbone, misaligned and loose teeth, damage to his eye and significant pain. At this time, he was finally

provided with treatment for his eyes, which he had sought at both the prison and ELMHS but had not received.

In April of 2023, the plaintiff was released from ELMHS and sent back to the prison. Some time later, he was released from the prison and began treatment with an eye specialist for optic nerve damage and vision loss. Surgery may be required for the oil and other fragments remaining in his eye.

## Official Capacity

Turning to any official capacity claims the plaintiff may be asserting against the remaining movants, a suit against a government official in his official capacity is the equivalent of filing suit against the government agency of which the official is an agent. *Burge v. Parish of St. Tammany,* 187 F.3d 452, 466 (5th Cir. 1999). Therefore, to determine whether Plaintiff has stated such a claim, the Court must conduct a municipal liability analysis under *Monell v. Dep't of Social Services of the City of New York,* 436 U.S. 658 (1978). *See Nowell v. Acadian Ambulance Service,* 147 F.Supp.2d 495, 501 (W.D. La. 2001) (citing *Turner v. Houma Mun. Fire and Police Civil Service Bd.,* 229 F.3d 478, 483 fn. 10 (5th Cir. 2000)).

"Section 1983 offers no *respondeat superior* liability." *Pineda v.* City *of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). "Municipalities face § 1983 liability 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury....'" *Id.* (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). That is, "[a] municipality is liable only for acts directly attributable to it 'through some official action or imprimatur.' " *Valle v.* City  *of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (quoting *Piotrowski v.* City *of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

To assert a claim of municipal liability under Section 1983, a plaintiff must adduce sufficient factual matter to satisfy three elements: (1) the existence of an official policy or custom; (2) a policymaker with final policymaking authority; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Davis v. Tarrant County, Tex.,* 565 F.3d 214, 227 (5th Cir. 2009).

In the instant matter, Plaintiff's Complaint is devoid of any allegations of an official policy or custom of any of these defendants. The plaintiff has not identified any defendant as a policymaker with final policymaking authority. Nor has Plaintiff alleged any widespread practice resulting in the harm from the assault by Braggs or deliberate indifference to his serious medical needs. He has alleged only his own singular experience. As such, Plaintiff's Complaint fails to state a claim against defendants Tunsha Harris, Richard Bethley, Pamela Scott, Laura Lott, John Roberts, III, and Rebekah Gee,  in their official capacities.

### Individual Capacity

*Personal Involvement – Deliberate Indifference*

In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held

liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").
Further, in the absence of direct personal participation by a supervisory official in an alleged
constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional
rights occurred as a result of a subordinate's implementation of the supervisor's affirmative
wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially
imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Plaintiff herein has not alleged that any defendant was personally or directly involved in
the alleged acts resulting in deliberate indifference to his serious medical needs. With regards to
his medical care, the plaintiff alleges only that he informed "staff" about his eye condition on the
day he was admitted. As such, he has not alleged personal involvement on the part of any
moving defendant.

### *Failure to Protect*

Likewise, with the exception of defendant Pamela Scott, the plaintiff has not alleged any
personal involvement on the part of any moving defendant with regards to his claim stemming
from the second assault by Braggs. With regards to defendant Scott, a jail official's treatment of a
pretrial detainee is governed by the substantive protections of the Due Process Clause of the
Fourteenth Amendment whereas, upon conviction, such treatment is evaluated under the Eighth
Amendment's prohibition against cruel and unusual punishment. The Due Process Clause
protects the detainee's right to be free from punishment prior to an adjudication of guilt. *See Bell
v. Wolfish,* 441 U.S. 520, 535–36.

The appropriate standard to apply in analyzing a constitutional challenge by a pretrial
detainee depends upon whether the challenge is an attack on a condition of confinement or a
complaint about one or more episodic acts or omissions. *Hare v. City of Corinth,* 74 F.3d 633,

643 (5th Cir. 1996). A conditions-of-confinement case is a constitutional attack on the "general conditions, practices, rules, or restrictions of pretrial confinement." *Id.* In such case, the harm is caused by the condition or policy itself, and this is true, for example, where inadequate medical care, *as a whole,* results in intolerable conditions of confinement. *Cf., Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997). In contrast to the foregoing, if a pretrial detainee is complaining of one or more particular acts or omissions by prison officials, the claim is characterized as an "episodic act or omission" case. *Id.* An episodic case is presented when the decision of an independent actor, such as a doctor or nurse, is interposed between the detainee and the policy or practice of the local governmental entity that permitted the harm. *Hare v. City of Corinth, supra,* 74 F.3d at 643.

### *Episodic Act or Omission*

Here the plaintiff brings a failure to protect claim which is directed toward a particular incident, and it is properly analyzed as an episodic act case, and a deliberate indifference standard is applied. *Hare v. City of Corinth,* 74 F.3d 633, 644 (5th Cir.1996). Plaintiff must establish that defendant Scott had actual, subjective knowledge of a substantial risk of serious harm but responded with deliberate indifference to the known or perceived risk. *Id.* The deliberate indifference standard is notably the same standard that is applicable in the Eighth Amendment context. *Id.* at 643–44. In applying this standard, the determinative question is whether the defendant prison officials subjectively knew that the inmate plaintiff faced a substantial risk of serious harm yet disregarded that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Specifically, prison officials must be shown to have been personally aware of facts from which an inference could be drawn that a

substantial risk of serious harm existed, and they also must be shown to have drawn the inference. *Id*.

With regards to defendant Scott, the plaintiff alleges that he was first attacked by Braggs on January 23, 2023. On an unspecified date and in an unspecified manner, the plaintiff notified defendant Scott of the first assault and the threat of harm from Bragg. However, it does not appear that no reasonable step was taken. Rather, Braggs was removed from the tier for over 30 days – from January 23, 2023, to March 1, 2023. The plaintiff does not allege that defendant Scott was responsible for returning Braggs to the tier or that if she was, she ordered his return with deliberate indifference to a risk to the plaintiff. "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference...." *Estate of Davis ex rel. McCully v. City of N. Richland Hills,* 406 F.3d 375, 379 (5th Cir. 2005). As such, the plaintiff has failed to state a claim against defendant Scott for failure to protect him from harm.

*Grievances*

To the extent the plaintiff asserts that any of the individual defendants, failed to properly handle his grievances, an inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings (including informal complaints) properly investigated, handled, or favorably resolved, *Mahogany v. Miller,* 252 F. App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his

satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless. *Id*. at 373-74.

### Non-Moving Defendants

With the filing of the plaintiff's Amended Complaint (R. Doc. 41) on February 26, 2025, the non-moving defendants are as follows: State of Louisiana, Louisiana Office of Risk Management, Bureau of Protective Services, Paula Jones, Robert Kelly, Chris Braggs, Melvin Clouds, Turn Key Health Clinics, Jon Echols, Jordan Robinson, and Joyce Brown. For the same reasons detailed as to the moving defendants, the record is devoid of any evidence that the non-moving defendants have been properly served with either the original and/or amended complaint. However, Defendants Turn Key Health and Joyce Brown chose to file a responsive pleading that does not raise the issue of improper service or otherwise seek relief under Federal Rule of Civil Procedure 12(b)(5). *See* R. Doc. 12. Accordingly, these defendants have waived their arguments with respect to insufficient service of process. *See* Fed. R. Civ. P 12(h); *Humes-Pollett v. Fam. Health Ctr. Inc.*, 339 F. App'x 490, 492–93 (5th Cir. 2009) ("A defendant does indeed waive insufficient service of process as a defense to a claim for relief by filing an answer without objecting to service of process.").

Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. As such, the Court may grant the Motion to Dismiss with respect to the non-moving defendants[1] *sua sponte* after giving Plaintiff notice and a reasonable time to respond. The objection period which follows this Report and Recommendation, as set forth in 28 U.S.C. § 636(b)(1) and Federal of Civil Procedure 72(b), satisfies the notice requirement. *See*

---

[1] Except for defendants Turn Key Health and Joyce Brown.

*Treadway v. Wilkinson,* 2008 WL 4224817, n.3, (W.D. La. June 10, 2008). *See also*, *Brown v. City of Central*, No. 23-30146, 2024 WL 546340, at *9 (5th Cir. Feb. 12, 2024) (objections period following the magistrate judge's report and recommendations constituted fair procedure because it gave the plaintiff adequate time to lodge a complaint on the issue). Defendants State of Louisiana, Louisiana Office of Risk Management, Bureau of Protective Services, Paula Jones, Robert Kelly, Chris Braggs, Melvin Clouds, Jon Echols, and Jordan Robinson have not been served with the either the original and/or the amended complaint and the record is devoid of good cause for the plaintiff's failure to serve these defendants. As such, the Court may dismiss these defendants without prejudice.

## Motion to Transfer

The plaintiff has filed a Motion to Transfer Cases (R. Doc. 44), wherein he seeks to have this case transferred to New York where the plaintiff now resides. The Motion is opposed. *See* R. Doc. 45.

Under the provisions of 28 U.S.C. §§ 1404 (a) and 1406(a), a district court may, in the interest of justice and for the convenience of the parties, transfer a claim to a court of proper venue. Because section 1983 does not contain a venue provision, venue is determined under the general venue statute, 28 U.S.C. § 1391. *Brooks v. Wal-Mart Assocs., Inc.*, No. 19-1594, 2020 WL 3087337, at *2 (W.D. La. May 26, 2020). As set forth in 28 U.S.C. § 1391(b):

> A civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Stated more succinctly, venue for a Section 1983 action lies in the judicial district where a defendant resides, or in the judicial district where a substantial part of the events or omissions giving rise to the claims occurred. In the instant matter, no defendant resides in New York and none of the events or omissions at issued occurred in New York. As such, New York is not a proper venue for this suit, and the plaintiff's Motion (R. Doc. 44), should be denied.

## RECOMMENDATION

It is recommended that the Motion to Dismiss (R. Doc. 40) be granted, dismissing the plaintiff's claims against Louisiana Department of Health, Eastern Louisiana Mental Health Systems, Tunsha Harris, Richard Bethley, Pamela Scott, Laura Lott, John Roberts III, and Rebekah Gee, with prejudice for failure to state a claim upon which relief may be granted. It is further recommended that the plaintiff's claims against State of Louisiana, Louisiana Office of Risk Management, Bureau of Protective Services, Paula Jones, Robert Kelly, Chris Braggs, Melvin Clouds, Jon Echols, and Jordan Robinson be dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

It is further recommended, that the plaintiff's Motion to Transfer (R. Doc. 44) be denied, and that this matter be referred back to the Magistrate Judge for further proceedings herein with regards to remaining defendants Turn Key Health and Joyce Brown.

Signed in Baton Rouge, Louisiana, on June 25, 2025.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**